# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH SORIA, | ) Case No.: 1:18-cv-00635 NONE JLT |
| Plaintiff, | ) |
| | ) RAND WARNING TO PLAINTIFF; ORDER |
| v. | ) EXTENDING THE DEADLINE TO FILE THE |
| | ) OPPOSITION TO DEFENDANTS' MOTION FOR |
| RAFAEL ZUNICA, et al., | ) SUMMARY JUDGMENT TO AUGUST 24, 2021 |
| | ) |
| Defendants. | ) ORDER VACATING THE HEARING ON THE |
| | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |

The Court notes that the plaintiff has not been advised of the requirements for opposing a motion for summary judgment, as required by <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988) and <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998). **Thus, PLAINTIFF STEVEN JOSEPH SORIA, PRO SE is advised**[1] of the following requirements for opposing the motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure:

1.    A motion for summary judgment brought under Rule 56 is a request for judgment on some or all of the plaintiff's claims in favor of the defendants without trial. <u>See</u> Rule 56(b).

---

[1] It appears Defendants were unaware of their obligation to provide Plaintiff this notice.  The Court provides this notice to minimize further delay in this matter.

2. The defendants' motion set forth the facts which the defendants contend are not reasonably subject to dispute and that entitle them to judgment as a matter of law. See Rule 56(c).

3. The plaintiff has the right to oppose the motion for summary judgment. To oppose the motion, the plaintiff must show proof of his or her claims. The plaintiff may agree with the facts set forth in the defendants' motion but argue even still, that the defendants are not entitled to judgment as a matter of law.

4. The plaintiff may show the defendants' facts are disputed in one or more of the following ways:

   a. The plaintiff may rely upon statements made under the penalty of perjury in the complaint, if the complaint shows that the plaintiff has personal knowledge of the matters stated in it and if the plaintiff calls to the court's attention those parts of the complaint upon which the plaintiff relies;

   b. The plaintiff may also serve and file affidavits or declarations setting forth the facts which the plaintiff believes prove the plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated);

   c. The plaintiff may also rely upon written records, but the plaintiff must prove that the records are what the plaintiff claims;

   d. The plaintiff may also rely upon transcripts of depositions, answers to interrogatories, or admissions obtained in this proceeding. Should the plaintiff fail to contradict defendants' motion with affidavits, declarations, or other evidence, defendants' evidence will be accepted as true, and final judgment may be entered without a full trial. See Rule 56(e).

5. If there is some good reason why necessary evidence is not available to the plaintiff when required to oppose such a motion, the court will consider a request to postpone considering defendant(s)' motion. See Rule 56(f).

6. If the plaintiff does not serve and file a request to postpone consideration of defendants' motion or written opposition to the motion, the court may consider the plaintiff's failure

to act as a waiver of opposition to defendants' motion. The plaintiff's waiver of opposition to defendants' motion may result in the entry of summary judgment in favor of the defendants and against the plaintiff.

7. A motion supported by affidavits or declarations that are unsigned will be stricken.

8. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

9. The plaintiff is advised that any declarations submitted by him must be dated and signed under penalty of perjury. His own declaration must set forth every fact within his personal knowledge upon which he relies to oppose the motion. He cannot merely say that facts set forth in other documents are true; the facts must be set forth in the declaration itself. Also, all declarations must show *how* the declaring witness knows the information set forth in it, whether it is because the witness saw, heard, or felt it, for example. The failure of the declarants to comply with this guidance will result in the Court refusing to consider their declarations.

10. To allow the plaintiff an ample opportunity to file an opposition to the defendants' motion for summary judgment, he **SHALL** file an opposition or a notice of non-opposition to the motion no later than **August 24, 2021**;

11. The hearing on the motion for summary judgment, currently set on July 7, 2021, is vacated. Local Rule 230(l).


IT IS SO ORDERED.

Dated:   **June 30, 2021**            **/s/ Jennifer L. Thurston**
                                CHIEF UNITED STATES MAGISTRATE JUDGE

3