UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JOSEPH SORIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAFAEL ZUNGIA, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00635-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(Doc. 38)<br><br>**14-DAY DEADLINE** |

　　　　Steven Joseph Soria, who was a federal inmate[1], brings this civil rights action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). This case proceeds on an Eighth Amendment medical indifference claim against Defendants Lt. A. Herron, Camp Administrator Tammy Allison, Dr. Morales, and Case Manager Coordinator R. Gonzales asserted in Plaintiff's first amended complaint.[2] (*See* Docs. 7, 10–11). Defendants have filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies before filing suit. (Doc. 38.) Plaintiff filed his declaration in response, to which Defendants filed a reply. (Docs. 42, 43.)

　　　　The facts regarding exhaustion are not in dispute, and Defendants are entitled to

---

[1] Plaintiff was released from custody on May 24, 2019. (*See* Doc. 5.)

[2] According to counsel for the defendants, Dr. Morales is retired from the federal Bureau of Prisons and cannot be located. He has not been served, and claims against him should be dismissed. (*See* Doc. 38-1 at 2.)

judgment as a matter of law. For the reasons set forth below, the Court recommends that Defendants' motion for summary judgment be GRANTED.

## I. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may accomplish this by presenting evidence that negates an essential element of the non-moving party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot produce evidence to support an essential element of his claim that must be proven at trial. *Id.*; Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

If the moving party meets this initial showing, the burden shifts to the non-moving party to establish "specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party cannot simply rely on the pleadings and conclusory allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when deciding a motion for summary judgment, the court must view any inferences drawn from the underlying facts in a light most favorable to the non-moving party. *Id.*

The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While prisoners are relieved from strict compliance, they still must "identify or submit some competent evidence" to support their claims. *Soto*, 882 F.3d at

872. Plaintiff's verified complaint may serve as an affidavit in opposition to summary judgment if based on personal knowledge and specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory, and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Thus federal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." *Porter*, 534 U.S. at 524.

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . . , but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* The exhaustion requirement allows prison officials to have an opportunity to resolve disputes before the filing of a court action against them. *Id.* at 204.

The failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Id.* at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary

3

judgment, the defendant bears the initial burden of proving (1) the existence of an available administrative remedy, and (2) the plaintiff failed to exhaust that remedy. *Id.* at 1172. If the defendant makes this showing, the burden shifts to the prisoner to present evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citation omitted). A prisoner may not file a complaint raising non-exhausted claims. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

The ultimate burden of proof, however, remains with the defendant. *Albino*, 747 F.3d at 1172. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." *Id.* at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id.* at 1131.

### C. BOP Grievance Process

The Federal Bureau of Prisons has established an administrative remedy process through which an inmate can seek formal review of an issue related to any aspect of his confinement. *See* 28 C.F.R. § 542.10(a). Generally, to exhaust available administrative remedies within this system, an inmate must proceed through four levels: (1) seek informal resolution on a BP-8 form, *see* 28 C.F.R. § 542.13; *Nunez v. Duncan*, 591 F.3d 1217, 1219 (9th Cir. 2010); (2) make a formal administrative remedy request to the Warden on a BP-9 form, *see* 28 C.F.R. § 542.14; (3) if not satisfied with the Warden's decision, appeal to the Regional Director on a BP-10 form, *see* 28 C.F.R. § 542.15; and (4) if not satisfied with the Regional Director's response, appeal to the General Counsel on a BP-11 form, *see id.* A final decision from the Office of General Counsel exhausts the BOP's administrative remedy process. *Id.*

### II. UNDISPUTED FACTS REGARDING EXHAUSTION

Plaintiff was incarcerated at Federal Correctional Institution in Mendota, California. (1st Am. Compl., Doc. 7 at 10.) His claims arise from an accident that occurred on January 19, 2017, when he was working as a mechanic. (1st Am. Compl., Doc. 7 at 10.) He was inspecting a tractor when the tips of his right index and middle fingers were severed. (*Id.*) Plaintiff alleges that

4

Defendants withheld pain medication, delayed medical treatment, failed to take him to the hospital, and denied him emergency surgery to reattach the fingertips, which were disposed of by a staff member. (*Id.* at 10–12.)

That same day, Officer J. Dias drafted Incident Report Number ("IRN") 2941502, which charged Plaintiff with violating BOP Code 317 for unsafe working conditions. (Vickers Decl., Ex. 1, Doc. 38-4 at 2.) On January 25, 2017, the Unit Discipline Committee ("UDC") held a hearing and found that Plaintiff did not commit a prohibited act under BOP Code 317 but that he did commit a prohibited act under BOP Code 319 for using equipment or machinery contrary to instructions or posted safety standards. *Id.* Plaintiff was sanctioned to ten days of extra duty, loss of phone privileges for thirty days, and loss of visitation for sixty days. *Id.*

On February 3, 2017, Officer Dias submitted a revised ICN 2941502, charging Plaintiff with violating BOP Code 317 and 319. (Vickers Decl., Ex. 3, Doc. 38-6.) On February 8, 2017, the UDC found that Plaintiff committed the prohibited acts as charged. (*Id.*) The UDC imposed no additional sanction served finding Plaintiff had "endured enough pain through his injury." (*Id.*)

On February 10, 2017, Plaintiff filed a request for administrative remedy, AR 893242, requesting that the UDC uphold the first incident report dated January 19, 2017, and to disregard the revised version dated February 2, 2017.  (Vickers Decl., Ex. 7, Doc. 38-10 at 4.) Plaintiff contends that the first ICN 2941502 was informally resolved when Plaintiff completed ten extra hours of work on January 28, 2017. (*Id.* at 5.) Plaintiff exhausted his remedies at all three levels. (Vickers Decl., Ex. 7–14, Docs. 38-10 through 38-17.)

On December 18, 2017, Defendant Gonzalez, a Case Management Coordinator, drafted a memorandum advising the warden that the sanctions were not appropriate given the seriousness and potential harm of Plaintiff's actions and requesting rehearing, which was granted by the warden. (Vickers Decl., Ex. 2, Doc. 38-5; Ex. 3, Doc. 38-6.)

On December 19, 2017, Officer Diaz re-drafted IRN 2941502, charging Plaintiff with BOP Code 317 and 319. The UDC determined that Plaintiff had violated BOP Code 317 for failure to follow safety regulations but that he did not violate BOP Code 319. (Vickers Decl., Ex. 6, Doc. 38-9.) Plaintiff was sanctioned with "5 days of property restriction and 10 days restriction

1 to quarters to help reflect the seriousness of following safety regulations to prevent injury to
2 oneself or others." (*Id.*)

3 On January 9, 2018, Plaintiff filed request for administrative remedy AR 929296, seeking
4 expungement of the revised IRN 2941502 dated December 19, 2017, or for the warden to
5 disregard the revised IR. (Vickers Decl., Ex. 15, Doc. 28-18 at 2–3.) Plaintiff argued that staff
6 improperly altered the original content in the revised version, increased a valid sanction, and
7 violating the timing clause of Program Statement 5270.09. (*Id.*) Plaintiff also complained that he
8 did not receive a copy of the warden's Advisement of Delay memo. (*Id.* at 3) Defendants concede
9 that Plaintiff exhausted AR 929296 at all three levels. (Vickers Decl., Ex. 15–22, Docs. 38-18
10 through 38-25.)

11 Plaintiff filed his civil rights complaint on May 9, 2018. (Doc. 1.) The Court screened the
12 complaint and found that the complaint stated a single Eighth Amendment medical indifference
13 claim against Lieutenant Herron. (Doc. 6.) The Court granted Plaintiff leave to file an amended
14 complaint. (*Id.*) On February 19, 2019, Plaintiff filed a first amended complaint. (Doc. 7.) Upon
15 screening the first amended complaint, the Court found that it stated an Eighth Amendment
16 medical indifference claim against Defendants Lt. Herron, Camp Administrator Allison, Dr.
17 Morales, and R. Gonzalez, with all other claims and defendants to be dismissed. (Doc. 6.)
18 Plaintiff elected to proceed on the claims found cognizable, (Doc. 9), and the Court issued the
19 appropriate findings and recommendations and order adopting the findings and recommendations.
20 (Docs. 10, 11.)

21 **III.   DISCUSSION**

22 Defendants filed the instant motion for summary judgment arguing that, although
23 Plaintiff exhausted AR 893242 and AR 929296, they did not allege that Defendants violated
24 Plaintiff's constitutional rights to receive medical care. Defendants contend that these two
25 administrative appeals filed by Plaintiff concern challenges to the BOP's IRN 2941502, which
26 charged Plaintiff with violation of BOP safety codes and for using equipment or machinery
27 contrary to instructions or posted safety standards.

28 Plaintiff contested these charges by filing administrative remedies AR 893242 and AR

6

929296, but neither AR alleged that Defendants violated his Eight Amendment rights by delaying and denying medical care, including pain medication and reattachment surgery. Moreover, Plaintiff did not initiate or exhaust any administrative remedies with respect to the constitutional violations alleged in this action despite over two years from the date of the accident on January 19, 2017, to his release on May 24, 2019. (Doc. 38-3, ¶ 30.)

In his response, Plaintiff states that he filed forms BP-9, BP-10, and BP-11, which were all denied, resulting in an exhaustion of remedies. (Doc. 42 at 2.) Plaintiff does not otherwise address Defendants' arguments, nor did he admit or deny facts the Defendants' statement of undisputed facts as required by Local Rule 260(b), which provides:

> Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

E.D. Cal. R. 260(b). Additionally, the Court advised Plaintiff of the requirements for opposing a motion for summary judgment in accordance with *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (Doc. 39.)

This Court has carefully reviewed AR 893242 and AR 929296, and neither concerns the allegations in Plaintiff's first amended complaint. Plaintiff's only reference to his injury is in his appeal on IRN 2941502, in which he argues he was improperly subjected to an increase to his valid sanction upon rehearing. (Doc. 38-20 at 3.) Plaintiff stated, ". . . I had already satisfied ten hours of extra duty as imposed by initial UDC of January 19, 2017 by pulling weeds on January 28, 2017 with injured hand still wrapped in bandages." (*Id.*) Otherwise, the ARs only concern the accuracy of IRN 2941502 and the sanctions imposed. Neither AR alleges a violation of Eight Amendment rights by delaying and denying medical care, including pain medication and reattachment surgery, by the Defendants. Therefore, the Court finds that exhaustion of AR 893242 and AR 929296 does not give rise to the claims raised in this lawsuit.

Defendants have met their burden to show that Plaintiff failed to exhaust administrative remedy available to him prior to filing this lawsuit. *Albino*, 747 F.3d at 1172. Upon the shifting

of burdens, Plaintiff has not presented evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citation omitted). Accordingly, summary judgment for failure to exhaust administrative remedies should be entered in favor of the Defendant.

## IV.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion for Summary Judgment (Doc. 38) be **GRANTED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served **within 14 days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 8, 2021**              _ **/s/ Jennifer L. Thurston**
                                                       CHIEF UNITED STATES MAGISTRATE JUDGE